```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


CHARLOTTE BURKS,                     )
                                     )
            Plaintiff,               )
                                     )
       v.                            )    No. 4:06 CV 1184 DJS
                                     )                      DDN
MICHAEL J. ASTRUE,[1]                )
Commissioner of Social Security,     )
                                     )
            Defendant.               )
                                     )
```

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the court for judicial review of the final decision of defendant Commissioner of Social Security denying the application of plaintiff Charlotte D. Burks for disability insurance benefits under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401, et seq. The action was referred to the undersigned United States Magistrate Judge for review and a recommended disposition under 28 U.S.C. § 636(b).

**1. Background**

Plaintiff Charlotte D. Burks applied for disability benefits on November 28, 2003. She alleges she became disabled on October 18, 2002, at the age of 39, due to bilateral knee injuries, bilateral hand and wrist injuries, and an impaired right ankle. (Tr. 58, 71-72.)

Following an evidentiary hearing held on January 3, 2006, an administrative law judge (ALJ) denied benefits on January 23, 2006. (Tr. 11-17.) Because the Appeals Council denied review of the ALJ's decision (Tr. 4-6), it became the final decision of the Commissioner for review in this action.

---

[1]Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted as defendant in this suit. 42 U.S.C. § 405(g).

## **2. General Legal Principles**

The court's role on judicial review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Pelkey v. Barnhart, 433 F.3d 575, 577 (8th Cir. 2006). "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Id. In determining whether the evidence is substantial, the court considers evidence that detracts from, as well as supports, the Commissioner's decision. See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000). So long as substantial evidence supports that decision, the court may not reverse it merely because substantial evidence exists in the record that would have supported a contrary outcome or because the court would have decided the case differently. See Krogmeier v. Barnhart, 294 F.3d 1019, 1022 (8th Cir. 2002).

To be entitled to disability benefits, a claimant must prove she is unable to perform any substantial gainful activity due to a medically determinable physical or mental impairment that would either result in death or which has lasted or could be expected to last for at least 12 months. See 42 U.S.C. §§ 423(a)(1)(D), (d)(1)(A). A five-step regulatory framework governs the evaluation of disability in general. See 20 C.F.R. § 404.1520; see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (describing the five-step process); Fastner v. Barnhart, 324 F.3d 981, 983-84 (8th Cir. 2003). If the Commissioner finds that a claimant is disabled or not disabled at any step, a decision is made and the next step is not reached. 20 C.F.R. § 404.1520(a)(4).

Here, the Commissioner determined that plaintiff could not perform her past relevant work, but that she has the residual functional capacity (RFC) to perform sedentary jobs. Therefore, the burden shifted to the Commissioner to show that there are jobs in significant numbers in the national economy that plaintiff can perform. Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005).

### 3. Decision of the ALJ

In the January 24, 2006, decision denying benefits, the ALJ determined that plaintiff has the RFC to lift and carry 10 pounds occasionally and less than 10 pounds frequently, and to sit for six hours and stand or walk for no more than two hours total in an eight-hour workday. The ALJ found that this RFC did not allow plaintiff to perform her past relevant work. Although the ALJ did not specifically state what plaintiff's past relevant work was in his written decision, he referred to Exhibit 1E, the Disability Report found in the record. The disability report described plaintiff's past employment as (1) working in the Patients Accounts office of hospitals from 1992 to 1995; and (2) working as a sales representative for three automobile dealerships from April 1998 to October 2002. (Tr. 16, 73.)

The ALJ considered the testimony and subjective complaints of plaintiff. His findings about her credibility are somewhat equivocal. While noting the consistency of her statements and her work history, which "lends some credibility to her as a witness," he found that her demeanor at the hearing, her daily activities, her use of only over-the-counter medications, and her treatment history did not support her claims of disabling pain and severe limitations. (Tr. 12.) The ALJ also found plaintiff "credible in her statements about her pain and other symptoms. . . . In particular, in finding the claimant more limited than the State agency medical consultants determined, the undersigned gave the claimant more benefit of doubt." (Tr. 15.) Nevertheless, it is clear that the ALJ found plaintiff able to do sedentary work.

Specifically regarding plaintiff's complaints of disabling pain, the ALJ considered the reports of Ronald C. Hertel, M.D., and George A. Luther, M.D., as well as consulting physician Thomas F. Musich, M.D. The ALJ noted that Dr. Luther stated that the objective findings did not support the level of pain plaintiff complained of and, on August 6, 2003, Dr. Hertel stated she could work at her regular job without restrictions, until further testing. (Tr. 12-13, 129.)

The ALJ found that although plaintiff could not perform her past relevant work, her RFC allowed her to perform a full range of sedentary

-3-

work, which existed in significant numbers in the national economy. (Tr. 16-17.) In doing so, the ALJ applied the administrative notice provisions of the Commissioner's Guidelines Rule 201.28, 20 C.F.R. Pt. 404, Subpt. P, App. 2 (2005). (Tr. 16.)

### 4. Plaintiff's Grounds for Relief

Plaintiff argues that the decision of the ALJ is not supported by substantial evidence. Specifically, she argues (1) that the ALJ failed to consider the proper factors when determining her RFC, (2) that the ALJ failed to consider her subjective complaints under the proper standards, and (3) that the ALJ failed to obtain vocational expert (VE) testimony in light of plaintiff's significant nonexertional impairments. (Doc. 9.)

### 5. Discussion
#### a. RFC

Plaintiff argues that the decision of the ALJ is flawed because he failed to use the proper standards when determining her RFC. (Doc. 9 at 10.) Specifically, she argues that the ALJ failed to consider her diagnosis of bilateral carpal tunnel syndrome, and did not give Dr. Musich's opinion significant weight. (Id. at 12-13.) Plaintiff also argues that there is no medical evidence supporting the RFC the ALJ assigned to her, and that the ALJ did not properly consider her obesity. (Id. at 13-14.)

The RFC is "the most [a claimant] can still do despite" his or her "physical or mental limitations." 20 C.F.R. § 404.1545(a). When determining plaintiff's RFC, the ALJ must consider "all relevant evidence" but ultimately, the determination of the plaintiff's RFC is a medical question. Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). As such, the determination of plaintiff's ability to function in the workplace must be based on some medical evidence. Id.; see also Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000). The ALJ found that plaintiff maintained the RFC to:

> lift and carry 10 pounds occasionally and less than 10 pounds frequently. The claimant can sit for six hours and can stand and walk for no more than two hours in an eight-hour workday.

(Tr. 16.)

With regard to carpal tunnel syndrome, the record shows that on May 22, 2003, Dr. Hertel noted that x-rays of plaintiff's wrists were normal. On September 25, 2003, Dr. Luther noted that x-rays of her wrists were normal. Neither physician stated she suffered from carpal tunnel syndrome. On March 15, 2004, plaintiff visited the neurology department at St. Louis ConnectCare, and it was noted that carpal tunnel syndrome was unlikely. (Tr. 189-92.) On April 2, 2004, plaintiff had an electromyography study, which showed evidence of bilateral carpal tunnel syndrome, considered mild to moderate in severity. Plaintiff was noted to have a history of numbness and tingling in her hands, the left hand worse than the right. (Tr. 166.) On November 23, 2004, Dr. Musich stated plaintiff had post-traumatic carpal tunnel syndrome of both hands and wrists. Plaintiff was advised to refrain from activities involving extensive and repetitive use of both hands. (Tr. 171-76.)

Here, there is substantial evidence supporting the ALJ's decision. At most, plaintiff suffers from mild to moderate carpal tunnel syndrome. No doctor, besides consulting physician Dr. Musich, found this diagnosis to be limiting. Because Dr. Musich was a consulting physician, the ALJ is not required to give his opinion much weight. "Generally, if a consulting physician examines a claimant only once, his or her opinion is not considered substantial evidence . . . ." Charles v. Barnhart, 375 F.3d 777, 783 (8th Cir. 2004).

Other medical evidence supports the ALJ's finding that plaintiff does not have a severe impairment in either her ankle or her upper extremities (Tr. 14). While Dr. Hertel noted some abnormalities in her ankle and legs on August 6, 2003, the x-rays did not indicate a problem, and he saw no reason she could not return to her usual work. (Tr. 129.) On September 25, 2003, Dr. Luther made similar findings and stated his opinion that the pain plaintiff said she was suffering was out of proportion to the objective examination and the type of injury (a fall at work in March 2002) to which she was attributing her pain. (Tr. 141.) There is also medical evidence on the record supporting the ALJ's decision that plaintiff can sit for six hours a day. On May 22,

2003, Dr. Hertel stated plaintiff could return to work that required sitting only. (Tr. 132-34.) Even Dr. Musich stated that, while plaintiff should avoid prolonged walking, climbing, squatting, and kneeling, he did not say that she was limited in her ability to sit for any length of time. (Tr. 171-76.) No doctor limited her sitting, and there is no objective medical evidence that plaintiff was unable to sit for any length of time.

Plaintiff also argues that the ALJ did not consider her obesity as a factor; specifically, she argues that the ALJ did not cite to Social Security Ruling 02-01p, Evaluation of Obesity.

The ALJ is not required to consider obesity when the plaintiff did not claim it as a basis for disability. See Brown v. Barnhart, 388 F.3d 1150, 1153 (8th Cir. 2004). However, the ALJ mentioned plaintiff's obesity in his opinion and considered it. The ALJ noted "claimant has degenerative joint disease of the knees and obesity" and found these impairments severe. (Tr. 14.) No doctor found that plaintiff's obesity limited her in any way or prevented her from working. In fact, Dr. Hertel said plaintiff was able to work without restrictions. (Tr. 129.)

The ALJ properly considered the medical evidence when determining plaintiff's RFC, and there is substantial evidence supporting his decision.

### b. Subjective Complaints

Plaintiff argues that the ALJ's determination of her credibility was not in accord with the factors stated in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). (Doc. 9 at 16.)

"The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians . . . ." Polaski, 739 F.2d at 1322. Factors to be considered include the claimant's daily activities, the duration, frequency, and intensity of the pain, any precipitating factors, whether the claimant has been taking pain medication and the dose, and functional restrictions. Depover v. Barnhart, 349 F.3d 563, 566 (8th Cir. 2003); Polaski, 739 F.2d at 1322. The ALJ may not

discredit subjective complaints based solely on personal observation. Polaski, 739 F.2d at 1322. "Subjective complaints may be discounted if there are inconsistencies in the record as a whole." Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000). "An ALJ who rejects such complaints must make an express credibility determination explaining the reasons for discrediting the complaints." Id.

Here, the ALJ, citing Polaski, properly considered and discredited some of plaintiff's subjective complaints. The ALJ noted that plaintiff did not take prescription medication, only over-the-counter pain medication. Failure to take strong pain medication is a factor properly considered. Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996). Further, plaintiff did not seek consistent treatment for her conditions; often a few months went by with no doctor visit.[2] Infrequent doctor visits can indicate that the plaintiff's complaints are not credible. See Buckler v. Bowen, 860 F.2d 308, 311 (8th Cir. 1988); Benskin v. Bowen, 830 F.2d 878, 884 (8th Cir. 1987). Further, "a failure to seek treatment may indicate the relative seriousness of a medical problem." Tate v. Apfel, 167 F.3d 1191, 1197 (8th Cir. 1999) (quoting Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995)).

The ALJ also considered plaintiff's daily activities. Plaintiff testified that she drives a car, and goes out daily. She washes dishes, makes the bed, and does laundry, but hires a woman to do other cleaning. She goes to church sometimes. She is able to grocery shop and do some light gardening. (Tr. 43-46.). This activity is not consistent with a disabling condition. Roberson v. Astrue, 481 F.3d 1020, 1025 (8th Cir. 2007). To the extent plaintiff limits her own activities, no doctor told her she needed to limit her activities in such a manner. Curran-Kicksey v. Barnhart, 315 F.3d 964, 969 (8th Cir. 2003). In fact, Dr. Hertel stated she could work without restrictions. Dr. Luther stated that there were no objective findings substantiating the pain in her wrists and ankles. "[A]n ALJ is entitled to make a factual

---

[2]By way of example, plaintiff did not visit any doctor from October 2002 until May 2003, then not again until August 2003. Thereafter, she did not obtain treatment from September 2003 until January 2004. (Tr. 129, 132-34, 141-44, 179-80.)

determination that a Claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." Ramirez v. Barnhart, 292 F.3d 576, 581 (8th Cir. 2002). The ALJ properly considered the x-rays that showed no objective explanation for the pain in plaintiff's wrists and ankle. (Tr. 141-42.)

The ALJ did not err when assessing plaintiff's credibility.

### c. Vocational Expert Testimony

Plaintiff argues that the ALJ did not include her nonexertional impairments stemming from her pain when he assessed her RFC, and that the nonexertional impairments required the procurement of VE testimony. (Doc. 9 at 18-19.)

Nonexertional limitations are any limitations besides strength that reduce a person's ability to work. Sanders v. Sullivan, 983 F.2d 822, 823 (8th Cir. 1992). "[I]f the claimant's nonexertional impairments diminish his or her residual functional capacity to perform the full range of activities listed in the [Medical-Vocational] Guidelines, the Secretary must produce expert vocational testimony or other similar evidence to establish that there are jobs available in the national economy for a person with the claimant's characteristics." Id.

"Resort to the [Medical-Vocational] Guidelines is permissible even though there is a nonexertional impairment, provided that the ALJ finds, and the record supports the finding, that the nonexertional impairment does not significantly diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." Harris v. Shalala, 45 F.3d 1190, 1194 (8th Cir. 1995); McGeorge v. Barnhart, 321 F.3d 766, 768-69 (8th Cir. 2003).

The ALJ applied Guidelines Rule 201.28 to find plaintiff not disabled. That rule finds a person not disabled, if she is between the ages of 18 and 44, she is at least a high school graduate, she has skills that are not transferrable, and she is limited to sedentary work. The regulations define sedentary work as involving the lifting of no more than 10 pounds at a time, the occasionally lifting or carrying small items, and occasional walking and standing. 20 C.F.R. § 404.1567(a). The undersigned concludes that the ALJ's findings

regarding plaintiff's ability to walk and stand to perform sedentary work are supported by substantial evidence. Dr. Hertel noted that plaintiff's obesity affected her ability to walk, but found no inability to walk and stated she could return to her job without limitation. Examinations in 2004 found her with minimal swelling in her hands, normal strength, and a tender but stable knee. Here, as stated above, there is substantial evidence supporting the RFC attributed to plaintiff. The ALJ limited the RFC to only those impairments he found credible and excluded those impairments he did not find credible. Because the ALJ found that this RFC did not include nonexertional impairments, he was not required to procure VE testimony.

## RECOMMENDATION

For the reasons set forth above, it is the recommendation of the undersigned that the decision of the Commissioner of Social Security be affirmed under Sentence 4 of 42 U.S.C. § 405(g).

The parties are advised that they have ten (10) days to file written objections to this Report and Recommendation. The failure to file timely written objections may waive the right to appeal issues of fact.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on July 30, 2007.